Mr. Joseph George
CDCR# T-79867
Pelican Bay State Prison
P.O. Box 7500, A1-224
Crescent City, CA 95532

FILED
JUN 27 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 07  3375  CW
(PR)

RE: POLICE CONSPIRACY TO ASSIST OTHER INMATES STAB ME TO DEATH; FONDLED BY GAY OFFICE WHILE HANDCUFFED; AND THEATS WITH CRIMINAL CHARGES TO COVER UP PROPERTY THEFT BY OFFICERS

Well hello there;                                Thursday, June 21, 2007

I am a prisoner who c/o's have committed numerous crimes against, I am fair game and reported these acts to Attorney Generals office, Inspectors Generals Office, State Senators, Federal Courts, Sacramento Internal Affairs and now to you. Nobody seems to care because its me versus the prison system and 4,000 shortage of correctional officers, so dicipline for misconduct and criminal acts go unpunished. Anyway, I am very very desperate and reached the end of my rope. I am suppose to parole on max release date which is 10/25/07; however I will parole because staff is going to stage or set me up for a false crime like incident exposure, battery on an officer or whatever they come up with to buy more time for a total cover up. As you can see by the documents I have enclosed they have of pattern of retaliating against me for filing lawsuit and staff complaints and its not going to stop as long as I am incarcerated at Pelican Bay I need help, please help me. I need to be removed from this prison immediate point blank!!! My life is in imminent danger!!!

I can only provide vague information because this is not a secure line of communication & they don't know what I know and they wont find out this way by intercepting my mail.

### Murder Conspiracy facts

On November 13, 2006, while housed in A Facility, Unit 2, cell 108 I sent (4) requests for interviews to (4) staff alerting them to search 'A' section because the mexicans were making alot of weapons. The request were anonymously written. However I was informing officers that came to the cell for food tray pickup about weapon production so they knew it was me who sent those notices.

On December 4 through 22, 2006, I attended (5) yard recreations without incident. However, during (2) yard attendance an officer would say "George" and make light conversation. It was to flag me or identify "the target" to yard staff in the proximity before I entered the yard. Since I managed to go unscaved, police thought they'd try another approach.

On February 2, 2007, I was rehoused on B facility, Unit 8, cell 226, which was "orientation" for new arrivals, Ad/Seg & SHU kick outs. Only porters had the freedom to mingle with others in the building when not on yard and day room. So porters were always out until 11:30 a.m. or ordered to lock up by staff.

On March 13, 2007, I wrote the Warden, Sacramento Internal Affairs, U.S. District Court SF & Oakland that C/O T. Wadsworth was trying to assist other inmates stab me to death. Very vague but to the point.

On March 18, 2007, I sent Appeals Coordinator a grievance # PBSP B07-00719 about police conspiracy to kill me.

On March 19, 2007, I started a cell fire to be housed in Ad/Seg because they would not give me protective custody. (Rule Violation Report Arson Log # B07-03-0028 and Incident # PBP-B08-07-03-0112)

On April 13, 2007, I was "cell extracted" or "teargassed" out of Ad/Seg and placed right back in B facility, Unit 8, cell 229 this time "to instill the most extreme fear to hopefully get me to start a second fire to get a definite DA prosecution for 3 strikes. (See Rule Violation Report Willfully delay a Peace Officer Log # S07-04-0004 and Incident # PBP-AS1-07-04-0146

April 25, 2007, the Arson case was referred to Crescent City D.A. Office.

April 30, 2007, I was rehoused to A Facility, Unit 3, cell 125, since I didn't start a second fire, staff thought maybe I would hang around on A yard to start a racial war or that I would be disciplined for switching. At this point they have nothing to lose and still don't and much to gain.

On May 2, 2007, I locked my cellmate out of the cell and was ordered out the cell at gun point on videotape (See Rule Violation Report Delaying a Peace Officer Log # A07-05-0001) I was placed in a holding cage. I was giving the option of going back to the cell and be placed in harms way or stay in the holding cage overnight.

On May 3, 2007, I was housed in Ad/Seg for safety concerns after 22 hours in the holding cage with no food.

On May 11, 2007, the Willfully delaying a Peace Officer on April 13, 2007 was refered to the Crescent City D.A. Office.

On May 18, 2007, the D.A. Office Rejected the Resisting & Deterring an Officer case.

On May 17, 2007 the DA Office Rejected the Arson case.

On June 21, 2007, Today I am in Ad/Seg on a 90 day investigation into the inmates names provided to the Warden on May 7, 2007 via institutional mail. Why would they investigate and punish inmates officers conspired with to murder Pelican Bay Officer and Administration enemy #1. As you can see the Administration new the whole time they got tired of me making a fool out of them but my life is in imminent danger. They can me to General population or anywhere in this prison & stage an attack on me.

The reason I say it was a murder conspiracy by the way they were trying to get me to come out the cell while (3) mexicans had steel knives and I had nothing in a closed enviornment. Once I got stabbed and made it to the Hospital it was all over. I would never leave alive. I trying to sue the Hospital so I would have to die period. These people are doing Alot to protect the Hospital for some strange reason.

Remember, I'll take a polygraph examination to all my allegations and provide mind bogling information upon investigation. Thank you for your time and I look forward to this matter being investigated immediately.

P.S. So
 Sorry
So
 Sloppy ...

Sincerely and Respectfully,

Joey

| INMATE/PAROLEE APPEAL FORM CDC 602 (12/87) | Location: Institution/Parole Region 1. PBSP 2. _____ | Log No. PBSP 1. B07-00719 2. _____ | Category 7/6 |
|---|---|---|---|

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Joseph George | NUMBER T-79867 | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|

**A. Describe Problem:** Emergency Appeal. This is an Emergency Appeal against numerous prison officials who have engaged in a conspiracy to have me murdered in the first degree. After I sent a request for interview to Associate Warden Cook, 'A' Facility Captain, D Swearingen CCII and Sgt. M. Lujan that Mexicans was making a lot of knives and they need to search for weapons. S/o C. Lyon conducted cell searches but intentionally not frisking inmates who cells were being searched in order not to find any weapons. Everybody knew I snitched so I told the mexicans I did it and why. However, prison officials decided to

If you need more space, attach one additional sheet.

**B. Action Requested:** I be housed in protective custody immediately.

Inmate/Parolee Signature: *Joseph George*   Date Submitted: 3/18/07

**C. INFORMAL LEVEL** (Date Received: 19 MAR 2007)

Staff Response: I/M George was very clear that he wasn't crazy, he planned the fire as a sure way to get sent back to Ad/Seg where he would be safe. He states while in Ad/Seg before going to B8, he essentially "declared war" against the Mexicans by reporting them as making weapons. The Mexicans were stomping on the floor keeping him awake at night. He admits to being somewhat anxious when he saw the B8 COs weren't taking him seriously, that he could get "hit" by porters and others if he came out of his cell. He's relieved to be back in Ad/Seg, and states he will withdraw this 602, since it's all over. He could give me no specific names of Mexicans out to get him.

Staff Signature: Dr. Van Osdel    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

TO CDW          MAR 28 2007        APR 27 2007
MAR 22 2007     1ST                2ND
                AW GP              APPEALS

First Level   ☐ Granted   ☒ P. Granted   ☒ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __3-28-07__ Due Date: __5-09-07__

Interviewed by: _____

_Noted_

Staff Signature: __D. O'Donnell__   Title: __Sergeant__   Date Completed: __4/18/07__
Division Head Approved:
Signature: __M.A. Cook__   Title: __AWGP__   Returned / Date to Inmate: __4-26-07__ APR 26 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied! The fact that I started a cell fire to be placed in Ad/Seg, informed staff on several occasions on 4/12/07, only met the psych for evaluation after A.W. Cook threatened to send me back to general population and I cell extracted on 4/13/07 to try to prevent GP placement. Points to the fact of safety, concerns and issues

Signature: __Joseph [illegible]__   Date Submitted: __4/26/07__

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __4-27-07__ Due Date: __5-25-07__
☐ See Attached Letter

Signature: __N. Threm__   Date Completed: __5-3-07__
Warden/Superintendent Signature: __M.A. Cook__   Date Returned to Inmate: __5-8-07__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. Dissatisfied! During the conducted by O'Donnell I informed him about speaking in front of (5) other staff members. Sgt. O'Donnell made no attempt to accomodate my privacy concerns. Therefore, O'Donnell was not interested in what I had to say and only wanted to know whether I wanted to withdraw the complaint. Pursuant to 15 CCR § 3341.5(a)(8) an inmate whose safety would be endangered in GP may be placed in PHU. The inmates uncorroborated personal report shall not be basis for PHU placement. This appeal was responded to because I re-entered Ad/Seg on 5/3/07 so names of inmates I provided won't be a part of this complaint

Signature: __Joseph [illegible]__   Date Submitted: __5/14/07__

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)   Date: _____

use this as the perfect opportunity to have me killed in retaliation for filing grievances and lawsuits against staff. Majority of the Mexicans that came out of Administrative Segregation like me was relocated on the B yard in Unit B8. Correctional Officer T. Wadsworth 2nd watch control tower officer worked M/F and in charge of carrying out or orchestrating the hit. The plot was simple. First try to get me to relax, then carry out the hit to stab me to death. On certain days I was to be lured out of my cell and the Mexican would already be out or when I leave the building. Let them out and wait for me to come back and attack me before I get in the cell. The only problem is I never left the cell on those days. Also after I knew they were desperate and ready. I did not come out and haven't left this cell in weeks. Currently my cell door is rigged not to open when the control officer activates the switch and has been since I entered Unit B8 226. These are the dates attempts was made to take my life but I would not leave the cell. On March 1, call to the clinic, March 3rd and 5th C/O T. Wadsworth had Mexicans waiting for me to leave the cell for showers, March 8, Law Library visit, March 9th and 12th yard calls. I know one weapon was provided. The Mexicans showed it off in their own little way to instill fear in me. On March 13th, I wrote the Warden about C/O T. Wadsworth conduct. That morning at 2:20 AM on March 14th, Inmate Dubon K-19498 in cell 225 was found dead with a string around his neck. When C/O Ms. Woods came back to take photos. I informed her to tell Lt. J. Akin I was requesting protective custody. Sgt. J. Frisk came back and placed a padlock on my bar door. Several hrs. later Sgt. B. Patton tried to interview me about the suicide but I declined. C/O T. Wadsworth did not show up for duty on March 16, so I guess the Warden reassigned Wadsworth. So C/O C. Maxwell, A. Popow and a Sgt. tried to lure me out the cell on the 16th, that was an attempt to hit. On Saturday the 17th C/O C. Maxwell and A. Popow tried to lure me out the cell, another attempt to hit. I finally had to tell C/O C. Maxwell to stop taking the padlock off my door because he was not authorized to take it off. C/O A. Popow told me I don't know what day it was. So I told him he was going to need a lawyer messing with me and he said bring it on. That's staff attitude; we can do anything we want, and get away with it, and it's true.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.
Executed on March 18, 2007. _____
Joseph George

FIRST LEVEL APPEAL RESPONSE

APPEAL LOG NUMBER: PBSP B 07-00719
INMATE: GEORGE
CDC NUMBER: T-79867
APPEAL DECISION: DENIED

APPEAL ISSUE (MODIFIED)

You contend that on several occasions, Pelican Bay State Prison (PBSP) staff engaged in a conspiracy to have you murdered by other inmates while not taking your safety concerns seriously. You are requesting to be placed into protective custody immediately.

FINDINGS

Correctional Sergeant D. O'Donnell interviewed you on April 7, 2007. During the course of this interview you essentially related the same information as provided in the written appeal of this issue. You stated that Prison Officials were trying to "quiet you up" and that you just wanted a transfer out of PBSP. Sergeant O'Donnell asked you specifically, who was trying to "quiet you up". You did not provide any names. During the course of the interview you continuously interrupted and appeared very agitated. Most of the time, you were very unintelligible. Sergeant O'Donnell tried many different approaches to get specific answers from you; however, you only repeated that you wanted to be transferred. Sergeant O'Donnell explained that a transfer was out of the scope of authority at this level and that you should discuss that issue with the next committee that you might have.

A thorough review of this complaint has been conducted to resolve this issue. Sergeant O'Donnell interviewed Officer T. Wadsworth concerning this matter on April 18, 2007 at about 1355 hours. Sergeant O'Donnell interviewed Officer C. Maxwell on April 12, 2007 at about 1545 hours. Sergeant O'Donnell interview Officer M. Popow on April 18, 2007 at about 0545 hours. After interviewing all three Officers; Sergeant O'Donnell finds that there is no evidence to support the allegations. In the event staff misconduct is sustained the Institutions Administration will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to inquiries by other staff, the general public, or inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for Administrative Action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeal process.

DETERMINATION OF ISSUE:

A thorough review of the allegations presented in this complaint has been completed. Based on this review, the actions requested to resolve this appeal are DENIED. Your request to be placed in protective custody is DENIED, Although you were rehoused to ASU on March 19, 2007, for other reasons. Additionally, the following determination has been made that your allegations of staff misconduct are: UNFOUNDED.

M. FOSS          4/23/07          M.A. COOK          4-24-07
Facility Captain   Date             Associate Warden    Date
Facility B                          General Population

PELICAN BAY STATE PRISON
SECOND LEVEL REVIEW

DATE: MAY 07 2007

Inmate GEORGE, T-79867
Pelican Bay State Prison
Facility A, General Population
Building 3, Cell 125

RE: WARDEN'S LEVEL DECISION                APPEAL: DENIED
    APPEAL LOG NO. PBSP-B-07-00719          ISSUE: STAFF COMPLAINTS

This matter has been reviewed by Robert A. Horel, Warden, At Pelican Bay State Prison (PBSP). On April 7, 2007, Correctional Sergeant D. O'Donnell conducted the interview at the First Level of Review.

ISSUES

Inmate George requests protective custody immediately.

FINDINGS

I

The inmate alleges in his appeal that on several occasions, PBSP staff engaged in a conspiracy to have him murdered by other inmates, while not taking his safety concerns seriously.

II

The inmate was dissatisfied with the First Level Response, stating that he started a cell fire to be placed in Administrative Segregation Unit (ASU). The inmate alleges that he saw Psychiatric staff on April 12, 2007, after Associate Warden M. Cook allegedly threatened to send him back to the General Population (GP). He also states that he was extracted from his cell on April 13, 2007, to try to prevent GP placement. The inmate contends that his action to prevent GP placement points to the fact of his safety concerns and issues.

DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a through review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP institutional procedures and departmental policies.

All staff involved were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff

Supplement Page 2
GEORGE T-79867
Appeal # PBSP-B-07-00719

misconduct, institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

The thorough review of the allegations presented in this complaint has been completed. The inmate was uncooperative during his interview and would not give specific answers. He only repeated that he wanted to transfer. The inmate was advised that he should discuss a request for transfer at his next Classification Committee appearance. The investigation concluded that the allegation of staff misconduct have been deemed UNFOUNDED. The inmate's request for protective custody is DENIED. It is noted, however, that he was rehoused in the ASU on March 19, 2007, for other reasons and was subsequently released to Facility 'A' GP. This APPEAL IS DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

M.A. Cook
ROBERT A HOREL

NH #21 05/03/07

C/O LUKS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. A0700907
2. _____

Category
7/8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Joseph George | T-79867 | | |

A. Describe Problem: This is a Staff Complaint Against Correctional Officer LUKs pursuant to 15CCR§§ 3291(b); 3391(b) and P.C. §832.5 for sexual misconduct. On 3/20/07, C/O's LUKS and Ms. LARSON came to the cell to escort me to the clinic. Upon exiting the cell C/O LUKS a gay officer began fondling my buttock. My back was turn so I didn't know which officer it was. C/O Ms. LARSON said it was not me. During my clinical visit C/O LUK became very aggressive ask me what's that black spot on your finger I said a mole. For some strange reason C/O LUKS was

If you need more space, attach one additional sheet.

B. Action Requested: This matter be investigated by Internal Affairs and C/O LUKs disciplined for sexual misconduct.

Inmate/Parolee Signature: Joseph George        Date Submitted: 4/10/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: BYPASS

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____        Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number:

APR 12 2007 TO CDW    APR 23 2007 2ND APPEALS

mesmerized and lusting off me. The next morning the stalking continued. During med pass c/o Luks and another officer was escorting the RN issue medication. After the RN and unknown officer leave the cell next door, c/o Luks stood in front of my cell, leaned against rail, and was just staring hard at me. I had to turn the lights out and get under the covers for c/o Luks to leave. I have nothing against gay or lesbian people. I just prefer the opposite sex exclusively!! I have a right to be secure from being molested and fondled by police officer. I want the sexual harassment to stop. These acts by were illegal, unwarranted, unprovoked, unethical discrediting hisself and CDCR.

I declare under the penalties of perjury, under the laws of the State of California that the foregoing is correct and true.
Executed April 10, 2007. _____
                               Joseph George

PELICAN BAY STATE PRISON
SECOND LEVEL REVIEW

DATE: MAY 11 2007
INMATE GEORGE T-79867
Pelican Bay State Prison
Facility A, Administrative Segregation Unit
Building 1, Cell 224

RE: WARDEN'S LEVEL DECISION                    APPEAL DENIED
    APPEAL LOG NO PBSP-A-07-00907              ISSUE: STAFF COMPLAINTS

This matter was reviewed by Robert A. Horel, Warden at Pelican Bay State Prison (PBSP). Correctional Lieutenant T. Wood conducted the investigation and interview of this appeal issue.

ISSUE

Inmate George requests an Internal Affairs investigation be conducted and that Correctional Officer G. Luks be disciplined for sexual misconduct.

FINDINGS
1

The inmate alleges in his appeal Correctional G. Luks fondled his buttock and stalked him.

DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP institutional procedures and departmental policies.

All staff were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters are not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

Although the inmate has a right to submit an appeal as a staff complaint, the request for administrative action regarding staff or placement of documentation in a staff member personnel file is beyond the scope of the appeal process. The thorough review of the allegations presented in the complaint was completed. The investigation concluded that the allegations of staff misconduct have been deemed UNFOUNDED. THIS APPEAL IS DENIED.

Supplement Page 2
GEORGE T 79867
Appeal # PBSP-A-07-00907

MODIFICATION ORDER

No modification of this decision or action taken is required.
M.A. Cook
Robert A. Horel
WARDEN
NAT #21 Date 05/09/07